UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**TRENTON ROGERS GARMON,**
    Plaintiff,

v.

**GOOGLE LLC,** *et al.***,**
    Defendants.

**Case No. 4:23-cv-1525-CLM**

## MEMORANDUM OPINION

Trenton Rogers Garmon sues Google LLC ("Google") and Alphabet Inc. ("Alphabet") (collectively, "Defendants"), alleging Defendants subjected him to "systematic algorithm defamation" because searches on Google News for Garmon's name only return results with links to negative articles critical of Garmon. (Doc. 19). Defendants ask the court to dismiss Garmon's First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 25). As explained below, the court **GRANTS** Defendants' Motion to Dismiss but will allow Garmon to amend his Complaint on or before **July 12, 2024.**

## BACKGROUND

The court takes these facts from Garmon's First Amended Complaint and assumes all alleged facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

Garmon is a divorced 44-year-old honorably discharged veteran with three college degrees and 17 years of service as a pastor or missionary. (*See* Doc. 19, ¶¶ 1-12). Garmon also practiced as an attorney, with several wins in high-profile cases. (Doc. 19, ¶ 12).

Garmon says that if you search his name on engines like Bing, Yahoo, and DuckDuckGo, you will find news articles about these positive aspects of his life, along with some negative stories. (Doc. 19, ¶ 14). If you search Garmon's name on Google, however, ***all*** of the positive aspects of his life and career are suppressed. Instead, Google News exclusively lists bad news stories, an unflattering photo, and incorrect martial information. (Doc. 19, ¶¶ 11, 13-14).

Garmon says the exclusivity of the negative coverages stems from use of a Google algorithm that subjects white American Christian men to "systematic algorithm defamation" when collecting third-party news stories. (*See* Doc. 19, ¶ 6). Garmon thus sues Defendants in three counts:

- **Count I: Defamation & Defamation Per Quod.** Garmon maintains that Defendants "have created, developed, managed, and organically coded a 'negative defaming algorithm' or a 'destructive algorithm' designed to target Garmon and politically conservative Christian men, (doc. 19, ¶¶ 43-58). Specifically, Garmon asserts that Google's negative algorithm "intentionally suppress[es] positive articles and search results," (doc. 19, ¶ 49);
- **Count II: Breach of Contract.** Google allegedly breached its "User Agreement" with Garmon by failing to eliminate "Pure Spam" from its search results regarding Garmon, (doc. 19, ¶¶ 59-75); and,
- **Count III: Petition and Claim for Injunctive Relief.** Garmon seeks an order requiring Google to (1) provide balanced search results about Garmon and (2) list Garmon's marital status as "Divorced" and/or "Divorced, Annulment Pending" on the Google Knowledge Panel[1] regarding Garmon, (doc. 19, ¶¶ 59-75).

---

[1] "Knowledge panels are information boxes that appear on Google when you search for entities (people, places, organizations, things) that are in the Knowledge Graph," a knowledge base from which Google serves relevant information in an infobox beside its search results; knowledge panels are automatically generated, and information that

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

Defendants ask the court to dismiss all three counts for failure to state a claim. (Doc. 25). As a preliminary matter, Garmon's First Amended Complaint excludes Alphabet as a defendant, so the court finds that all claims against Alphabet are dismissed. (Doc. 19). Accordingly, the court will address each count against Google in turn.

**Count I: Defamation and Defamation Per Quod**

In Count I, Garmon alleges that Google defamed him, in violation of Alabama law, by collecting and posting *only* negative articles about him in Google News search results. (Doc. 19, ¶ 44).

---

appears in a knowledge panel comes from various sources across the web." *About knowledge panels*, GOOGLE, https://support.google.com/knowledgepanel/answer/9163198?hl=en (last visited June 24, 2024).

As Garmon notes in Count I, (doc. 19, ¶ 47), to prove defamation under Alabama law, Garmon must ultimately prove (1) "a false and defamatory statement concerning the plaintiff"; (2) unprivileged publication of the defamatory statement to a third party; (3) "fault amounting to at least negligence"; and (4) in claims for defamation per quod, special damages caused by the publication of the statement. *Dolgencorp, LLC v. Spence*, 224 So.3d 173, 186 (Ala. 2016); *see Byrdsong v. A&E Television Networks, LLC*, 4:21-cv-00607-CLM, 2021 WL 6050687, at \*3 (N.D. Ala. Dec. 21, 2021). If Garmon is deemed a "public figure, or limited-purpose public figure," the First Amendment also requires clear and convincing evidence that Google acted with "'actual malice'—that is, with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Cottrell v. Nat'l Coll. Athletic Ass'n*, 975 So.2d 306, 333 (Ala. 2007) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964)).

The court needn't decide whether *Sullivan's* actual malice standard applies because Garmon fails to plead sufficient facts to sustain a viable defamation claim for private citizens. While Garmon sufficiently pleads facts that would allow a reasonable juror to find that the articles collected by Google News put Garmon in a negative light and hurt him emotionally and financially, Garmon does not plead facts that would prove the articles are *false*—a necessary element of defamation. Google links articles written by *other* entities that report negative events in Garmon's life that actually happened. While Garmon says that certain statements within the posted articles "are not true but presented as facts," (doc. 19, ¶ 44), he does not identify the false statements that Google re-posted in Count I.[2] Without proving that Google published a particular false statement, Garmon cannot prove defamation. *See Byrdsong*, 2021 WL 6050687, at \*3-

---

[2] In his Statement of the Facts, Garmon alleges that Google's Knowledge Panel falsely claims he is married, rather than divorced and seeking annulment.(Doc. 19, ¶¶ 15, 19). But Count I, (doc. 19, ¶ 43), focuses solely on the algorithm that produces search results in Google News, not the Knowledge Panel, so this false fact is not relevant to Count I. Plus, the court questions whether being wrongly listed as married is defamatory under Alabama law. Regardless, Garmon may re-plead this issue in his Second Amended Complaint if it persists. (The court notes that, at the time of this opinion, Google appears to have removed Garmon's marital status from the Knowledge Panel.).

4 ("plaintiffs must allege (with specificity) that the defendants made a particular statement or statements about a particular plaintiff"); *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252-53 (11th Cir. 2021).

**Count II: Breach of Contract**

In Count II, Garmon alleges Google breached the terms of its User Agreement with Garmon. (Doc. 19, ¶ 69). But the breach is hard to determine, as Count II starts with a discussion of Google's failure to remove articles about Garmon's use of marijuana, which Garmon says was permitted because he has autism and chronic pain from his military service. (Doc. 19, ¶ 59). Garmon says this violated Google's agreement to move certain articles to a "Pure Scam" category and, in his case, results in discrimination against whites, persons with autism, and Irish-Cherokee Catholics. (Doc. 19, ¶ 59).

Count II then shifts to a discussion of an *Above the Law* editorial about Garmon's appearance on MSNBC. The author of that editorial, as Garmon puts it, called him a "white-ally bigot." (Doc. 19, ¶ 62). Garmon claims this article falsely labeled him a bigot and resulted in him being the victim of police brutality. (Doc. 19, ¶¶ 66-68).

There are other tangents within Count II, including discussions about former state Chief Justice Roy Moore and former Senator Doug Jones. (*See* Doc. 19, ¶ 69). The court needn't discuss those further to find that Count II is a shotgun pleading. *See* FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

If Garmon decides to re-plead a breach of contract claim, that Count or Counts must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and be "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). To be viable, the single set of circumstances must ultimately

establish the elements of a state-law breach-of-contract claim: (1) the existence of a valid contract binding the parties, (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages.'" *Harp Law, LLC v. LexisNexis*, 196 So. 3d 1219, 1224 (Ala. Civ. App. 2015). That means, among other things, Garmon needs to explicitly plead/include the terms of the contract between him and Google.

**Count III: Petition and Claim for Injunctive Relief**

Garmon's request for injunctive relief is not an independent claim; it rises and falls with the substantive counts. *Fowler v. Goodman Mfg. Co. L.P.*, 2014 WL 7048581, at *10 (N.D. Ala. Dec. 12, 2014). Because the court dismisses Counts I and II, it must also dismiss Count III.

—

In sum, the court will dismiss all three counts as pleaded. The court will do so *without* prejudice, giving Garmon one more chance to plead a viable claim(s) and not a shotgun pleading. The court reminds Garmon that under federal law, a shotgun pleading is any of these four things: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate "into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23.

Garmon's First Amended Complaint falls within some, if not all, of these categories. If Garmon decides to file another complaint, the court urges Garmon to, among other things:

- Write distinct counts that include only the facts and allegations that apply to that count.

6

- Not start each count with an adoption of everything that came before, as doing so violates the rule above.
- For defamation, specify what statements Google published that were false;
- For breach of contract, specify the exact terms of a contract that Google violated and how Google violated them.

The failure to address these and other issues in Garmon's next complaint will result in the dismissal of his case with prejudice.

## CONCLUSION

For these reasons, the court **GRANTS** Defendants' Motion to Dismiss Garmon's First Amended Complaint, (doc. 25). Garmon may file a second amended complaint that complies with the Federal Rules of Civil Procedure and Eleventh Circuit precedent by **July 12, 2024**. If Garmon fails to amend the complaint by July 12th, or if he files another amended complaint that does not comply with the Federal Rules of Civil Procedure and Eleventh Circuit precedent, the court will dismiss this case *with* prejudice.

If Garmon amends his operative Complaint, Google must respond on or before **August 2, 2024**. If Google files a Rule 12 Motion to Dismiss, the court will enter a briefing schedule. Pursuant to the court's order staying planning conference and related rules, (doc. 18), the court will not order discovery until the court rules on any motion to dismiss.

The court will enter a separate order that carries out this ruling and dismisses Garmon's claims against Google *without* prejudice.

The court **DIRECTS** the Clerk of Court to **DISMISS** Alphabet Inc. as a defendant and send this Memorandum Opinion to Garmon at his address of record.

**DONE** and **ORDERED** on June 24, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE