# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**TRENTON ROGERS GARMON,**
    Plaintiff,

v.                                              Case No. 4:23-cv-1525-CLM

**GOOGLE LLC,** *et al.***,**
    Defendants.

## MEMORANDUM OPINION

Trenton Garmon filed his third complaint against Google LLC and asks the court to enjoin Google and award him $8 billion. (Doc. 48). In response, Google asks the court to dismiss. (Doc. 52). For the reasons stated below, the court **GRANTS** Google's motion and **DISMISSES WITH PREJUDICE**.

## BACKGROUND

Google, as likely all readers know, is an internet search engine. For example, if a Google user searches "golden retriever puppies" on Google's platform, Google responds by promptly presenting images, links, and articles about golden retriever puppies.

If you likewise type "Trenton Garmon" into Google's search bar, you will receive images, links, and articles about the plaintiff. According to Garmon, this shows Google's unauthorized use of his indicia that is both defamatory and violates Alabama privacy laws. So Garmon sued Google. The court dismissed Garmon's first amended complaint for failing to state a claim and gave Garmon a chance to refile and fix his pleading deficiencies. (Doc. 33). Garmon has since filed a third amended complaint (doc. 48),[1] which Google moves to dismiss with prejudice. (Doc. 52).

---

[1] Even though Garmon includes Alphabet, Inc. as a defendant in his amended complaint, the court won't consider Alphabet here because it already dismissed Alphabet Inc., (doc. 33).

1

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the plaintiff's well-pleaded allegations as true and makes reasonable inferences in his favor. *Crowder*, 963 F.3d at 1202. But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the court disregards both conclusory statements and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Garmon alleges three counts in his amended complaint: (1) violation of Alabama law, (2) defamation, and a (3) "claim for injunctive relief." (Doc. 48). The court will evaluate each count in that order.

### <u>Count 1</u>: Alabama's Right of Publicity Statute

Garmon alleges for the first time that Google violated Alabama's Right of Publicity Statute, Ala. Code § 6-5-771, *et. seq.* (*Id.*, ¶¶ 11-45). While Garmon claims a violation of the definition section, Alabama Code § 6-5-771(3), the operative prohibition appears in § 6-5-772:

> [A]ny person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services, or for purposes of fundraising or solicitation of donations, or for false endorsement, without consent shall be liable under this article to that person, or to a holder of that person's rights.

By its plain text, the ARPS only prohibits *commercial* use of a person's "indicia of identity" without his consent in one of four ways:

2

1. Using someone's identity "on or in products, goods, merchandise, or services entered into commerce in [Alabama]";

2. Using someone's identity for "advertising or selling, or soliciting purchases of, products, goods, merchandise, or services";

3. Using someone's identity for "fundraising or solicitation of donations"; or,

4. Using someone's identity for "false endorsement."

Ala. Code § 6-5-772. While Garmon alleges facts that would prove he did not consent to Google using his name or image, Garmon doesn't allege facts that would prove Google did so for one of the four *commercial* reasons enumerated in the statute. So Garmon fails to plead facts that would result in a viable claim. *See Reg'l Prime Television v. South*, 399 So. 3d 220, 238-240 (Ala. 2024) (reversing trial court's denial of television network's motion for a judgment of law when plaintiff failed to offer evidence that television show used her deceased husband's identity "for the purposes of trade" as required for a claim under the ARPS). The court must therefore **DISMISS** Count I for failure to state a claim that entitles Garmon to relief. Because Garmon fails to plead a viable claim, the court does not address Google's alternative arguments that Garmon's claim is time-barred or would violate the First Amendment.

## Count II: Defamation and Defamation Per Quod

Garmon next accuses Google of the state common-law torts of defamation and defamation per quod. (Doc. 48, p. 13–18). In short, Garmon alleges that Google uses a "negative algorithm" that promotes negative stories about Garmon while suppressing positive stories about him—or, at least, pushing the positive stories down the list of search results. (Doc. 48, ¶¶ 46-63).

As the court previously explained, while Garmon might prove Google highlighted pictures and stories that shed a negative light on him, defamation claims require *falsity*: "Garmon does not plead facts that would prove the articles are false—a necessary element of defamation."

3

(Doc. 33, p. 4). But Garmon again fails to allege that Google published any false facts about him. So the court must again **DISMISS** Garmon's defamation claims, which now appear as Count II.

### Count III: Injunctive relief

In his last count, Garmon asks the court to order Google to remove all pictures and mentions of Garmon and enjoin Google from continued use of his indicia of identity. (Doc. 48, ¶¶ 64-67). But as the court already explained, "Garmon's request for injunctive relief is not an independent claim; it rises and falls with the substantive counts." (Doc. 33, p. 6) (citing *Fowler v. Goodman Mfg. Co. L.P.*, 2014 WL 7048581, at *10 (N.D. Ala. Dec. 12, 2014)). Because the court must dismiss Garmon's substantive counts for failure to state a viable claim, the court must again **DENY** his request for injunctive relief tied to those counts. The court therefore **DISMISSES** Count III.

## CONCLUSION

For these reasons, the court **GRANTS** Google's Motion to Dismiss all counts (doc. 52) and **DENIES** Garmon's Motion to Set Hearing of Oral Arguments. (Doc. 54). Because the court has allowed Garmon to thrice amend his complaint, all dismissals will be with prejudice. As a result, the court will enter a separate order that carries out this ruling and **DISMISSES** the case **WITH PREJUDICE.**

The court **ORDERS** the Clerk of Court to (a) send a copy of this opinion to Mr. Garmon at his address of record and (b) close this case.

**Done** and **Ordered** on July 1, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE